1

2

3                          **UNITED STATES DISTRICT COURT**

4                               **DISTRICT OF NEVADA**

5

6   FRANK M. PECK,                          )
                                            )
7                  Plaintiff,               )          2:13-cv-00782-GMN-CWH
                                            )
8   vs.                                     )
                                            )          **ORDER**
9   DWIGHT NEVEN, *et al.*,                 )
                                            )
10                 Defendants.              )
    _____/

11

12          This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983, removed from

13   state court.  The complaint was previously screened by the Court.  (ECF No. 10).  The screening

14   order imposed a 90-day stay and the Court entered a subsequent order scheduling a mediation

15   conference.  (ECF Nos. 10 & 14).  The minutes from the mediation conference indicate that

16   settlement was not reached.  (ECF No. 15).  The Office of the Attorney General has filed a status

17   report informing the Court of its intent to proceed with this action.  (ECF No. 17).

18          **IT IS THEREFORE ORDERED** that:

19          1.      The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's

20                  complaint (ECF No. 11) on the Office of the Attorney General of the State of Nevada,

21                  attention Kat Howe.

22          2.      Subject to the findings of the screening order (ECF No. 10), within **twenty-one (21)**

23                  **days** of the date of entry of this order, the Attorney General's Office shall file a notice

24                  advising the Court and plaintiff of: (a) the names of the defendants for whom it

25                  accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service,

26                  and (c) the names of the defendants for whom it is filing last-known-address

information under seal.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

4.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

5.  Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

Dated this 18th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE