**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Frank M. Peck,                  )<br>                                          )<br>           Plaintiff,           )<br>     vs.                         )<br>                                          )<br> Dwight Nevin, *et al*.       )<br>                                          )<br>           Defendants.      )<br>                                          ) | Case No.: 2:13-cv-00782-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 27), filed by *pro se* Plaintiff Frank M. Peck, who is incarcerated at High Desert State Prison (*See* Compl., ECF No. 11).

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of

success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

**II.    DISCUSSION**

Having reviewed Plaintiff's pleading and briefing on the motion, and as discussed below, the Court cannot find that Plaintiff has satisfied his burden to show that immediate and irreparable injury, loss, or damage will result to him Plaintiff's claims may be evaluated on the merits.  Therefore Plaintiff's request for an injunction must be denied.

Here, Plaintiff alleges that he is being retaliated against by Warden Dwight Neven and facility supervisor Scott Alexander, and "Nash" for filing grievances and pursuing lawsuits. (ECF No. 27.)

Plaintiff alleges that he is being retaliated against "in the form of '<u>torture</u>' by restricting all the swamp coolers to <u>LOW SPEED ONLY</u> and 'refusing to increase the blower speed and or cleaning the return air system' whereas the common [sic] area is semi cool." (*Id.*) Plaintiff alleges additional facts to support his claim of insufficient air conditioning based upon his "having over 20 years in the HVAC and refrigeration industry." (*Id.*)

Plaintiff requests an injunction ordering the warden to make adjustments to the air conditioning and other environmental conditions, as well as a Court order dispatching a federal monitor. (*Id.*)

Plaintiff provides no support for his allegation that the environmental conditions bear a relationship to his previously filed grievances and lawsuits. Instead, Plaintiff conclusorily states that he "has shown a pattern of retaliation (temporal proximity)," and that therefore he "has great likelihood of success on the merits" supporting his request. (*Id*.) Plaintiff appears to allege that the environmental conditions affect other inmates' cells in addition to his own. (*See id*.)

Appearing to address the irreparable harm element of the legal standard, Plaintiff alleges that he is at risk of "suffer[ing] a stroke or some other heat related injury" based upon his "having been hospitalized in Jan 2014 for meningitis." (*Id*.)

Without more, the Court cannot find that Plaintiff has met his burden to show a likelihood of success on the merits or serious questions going to the merits sufficient to justify the issuance of a temporary restraining order or other injunction. This is particularly true where Plaintiff's allegations fail to support a finding of a likelihood of irreparable harm or that the Court's intervention, as requested, is necessary to maintain the status quo of Plaintiff's claims.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 27) is **DENIED**.

**DATED** this 10th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court