UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Frank M. Peck, )<br>　　　　　　　　　　　　　　　　　) <br>　　　　　　　　Plaintiff, )<br>　　vs. )<br>　　　　　　　　　　　　　　　　　)<br>Dwight Nevin, *et al*. )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　　) | Case No.: 2:13-cv-0782-GMN-CWH<br><br>**ORDER** |

　　Pending before the Court is Defendants' Motion to Dismiss, (ECF No. 20). Plaintiff filed a Response, (ECF No. 24), and Defendants filed a Reply, (ECF No. 25).

　　Plaintiff Frank M. Peck alleges that he was denied access to the courts and suffered retaliation for filing a grievance on August 18, 2012, against the law library supervisor at High Desert State Prison ("HDSP"). (Compl.[1], ECF No. 11). Plaintiff was an inmate incarcerated at HDSP during a cell search that was conducted on August 26, 2012. (*Id*.). During the search, nine boxes were removed from Plaintiff's cell which were not returned until the following day. (*Id*. at 3; Defs.' Mot. at 5, ECF No. 20). Plaintiff brings this action against: Dwight Neven, Warden of HDSP; Pam Del Forto, Inspector General; Bonnie Hunt, Inspector General; I.G. Shields, Inspector General; Correctional Officers Sydiongco, Brugh, and Murillo; and doe defendants.

　　Plaintiff alleges that, in retaliation for his filing the grievance, Defendants Sydiongco, Brugh, and Murillo confiscated his legal materials, including a supplemental petition for a writ

---

[1] While Plaintiff's document is styled as a "First Amended Complaint," there appears to be no prior Complaint filed in the federal docket of this particular case; accordingly, the federal docket refers to his pleading as a Complaint, (*see* Ct.'s Dkt. Entry Re: ECF No. 11), and the Court will likewise refer to this filing as the Complaint, not the First Amended Complaint.

of habeas corpus that he intended to file in his state court criminal case. (Compl. at 7).  Plaintiff claims that his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments were violated by defendants' retaliation and denial of his access to the courts. (Compl. at 6).  Plaintiff seeks compensatory damages in excess of twenty thousand dollars, punitive damages, as well as declaratory and injunctive relief based on these alleged Constitutional violations. (Compl. at 11).

## I.     LEGAL STANDARD

### A.     Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

      B.    <u>Retaliation</u>

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curium); *see also Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:

(1) An assertion that a state actor took some adverse action against an inmate
(2) because of
(3) that prisoner's protected conduct, and that such action

1      (4) chilled the inmate's exercise of his First Amendment rights, and
    (5) the action did not reasonably advance a legitimate correctional goal.
*E.g., Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Resnick v. Hayes*, 213 F.3d 443,449 (9th Cir. 2000); *Barnett*, 31 F.3d at 815-16 (9th Cir. 1994).

    C.    <u>Access to the Courts</u>

    Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009); *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990) (per curiam). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See Casey* 518 U.S. at 353 n.3, 354-55; *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim"); *Madrid*, 190 F.3d at 995. The right of access to the courts is only a right to bring complaints to the federal court and not a right to discovery or to effective litigation once a complaint is filed. *See Casey*, 518 U.S. at 354-55; *Madrid*, 190 F.3d at 995; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

    To establish a violation of the right of access to the courts, a prisoner must show that he has suffered an actual injury. *See Casey*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Casey*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Casey*, 518 U.S. at 353); *Madrid*, 190 F.3d at 996.

///

## II. ANALYSIS

In their Motion, Defendants state that Plaintiff's cell was searched as part of a legitimate effort to prevent a security breach. (Ex. A to Defs.' Motion 3:3-6, ECF No. 20-1). Defendants explain that HDSP had received identical grievances from ten (10) different inmates, including Plaintiff, and that these grievances created a security risk which necessitated an investigation by the Inspector General's office. (*Id.*). Plaintiff argues that this investigation into a purported "sit down strike" was a guise. (Compl. at 5). In support of this contention, Plaintiff offers a sworn affidavit from another inmate who admits that a petition was circulated among HDSP inmates, but states that Plaintiff was never "a party to the [petition] or ever apprised of it." (Pl.'s Resp. at 10-11, ECF No. 24). However, the Court finds that Plaintiff's actual participation in the petition or an attempt to organize a protest is irrelevant because it is undisputed that a valid security risk existed in Plaintiff's unit at the time of the search. As a result, Plaintiff has not sufficiently alleged an essential element of his retaliation claim, that the action did not reasonably advance a legitimate correctional goal. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and the Motion to Dismiss will be GRANTED as to Plaintiff's retaliation claim.

Plaintiff also claims he was deprived access to the courts because the documents seized during the search of his cell included a supplemental petition for a writ of habeas corpus that he intended to submit in his state criminal case. (Compl. at 7). Further, Plaintiff argues that this document was never returned to him. (*Id.*). Defendants aver by Affidavit that once Warden Neven learned that items were confiscated and stored in the operations room, he ordered an immediate review and return of Plaintiff's documents, which were returned the following day, August 27, 2012. (Ex. A to Defs.' Mot.). However, Plaintiff presents two sworn, signed Declarations from fellow inmates, one claiming to have seen Plaintiff's documents "falling out of a box and cart that they were being placed in." and the other alleges that he "could see Mr.

1  Peck's legal materials blowing around the yard." (Compl. at 22 and 25).  Therefore, it appears
2  that Plaintiff could prove an actual injury.
3        The Complaint explains that "it may be some time before the full extent of [Plaintiff's]
4  losses are realized" because his court-appointed counsel in the state case refused to file a
5  petition for him "which will result" in a procedural bar. (*Id*. at 7).  Plaintiff also admits that he
6  was able to "hastily perfect" and file a "supplement." (*Id*.).  If the allegedly lost document was
7  truly a *supplemental* petition, Plaintiff could not have been denied access to the courts, because
8  an initial petition must have been filed already.  Nevertheless, the Court need not rely upon
9  such an inference because the right to access the courts is applicable only to claims initiated in
10 federal court. *See Casey*, 518 U.S. at 354-55.  Here, Plaintiff's alleges a deprivation of access
11 only to state courts, not federal courts[2].  Accordingly, Plaintiff has failed to state a claim for
12 which relief may be granted.  Defendant's Motion to Dismiss will be GRANTED as to
13 Plaintiff's claim that he was denied access to courts.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[2] Plaintiff asserts for the first time in his Response that one of the lost documents was a "written statement by fellow officer 'proving retaliatory transfer' to SDCC to keep Mr. Peck away from his brother Larry who was also at NSP," and that this was "the only evidence that was to be used in a civil rights case against correctional officers." (Pl.'s Resp. at 4).  Defendants, in their Reply, characterize this lost document as relating to case no. 2:21-cv-0898-JCM-RJJ (now NJK) which was filed prior to the instant cell search and has since been settled after a successful mediation. (Defs.' Reply at 4-5, ECF No. 25).  This claim is not properly before the Court because it was not raised in Plaintiff's Complaint, and even if it were, it fails to sufficiently demonstrate that Plaintiff suffered an actual injury.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claim of retaliation (Defs.' Mot. at 5-6, ECF No. 20).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claim that he was denied access to courts (Defs.' Mot. at 6-8, ECF No. 20).[3] The Clerk shall enter judgment accordingly and close the case.

**DATED** this 29th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] As the Complaint is being dismissed in its entirety based on Plaintiff's failure to state a claim upon which relief can be granted, the Court need not address whether Defendants are protected under the doctrine of qualified immunity, as argued in the Motion to Dismiss. (Defs.' Mot. at 8-9, ECF No. 20).