UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Frank M. Peck, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-0782-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| Dwight Nevin, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is *pro se* Plaintiff Frank M. Peck's Motion to Reconsider, (ECF No. 33). Defendants filed a Response, (ECF No. 34), and Plaintiff filed a Reply, (ECF No. 35).

**I.    BACKGROUND**

This case centers upon Plaintiff's allegations that he was denied access to the courts and suffered retaliation for filing a grievance on August 18, 2012, against the law library supervisor at High Desert State Prison ("HDSP").[1] (Compl., ECF No. 11). Plaintiff was an inmate incarcerated at HDSP during a cell search that was conducted on August 26, 2012. (*Id.*). During the search, nine boxes were allegedly removed from Plaintiff's cell which were not returned until the following day. (*Id.* at 3). This action was brought against: Dwight Neven, Warden of HDSP; Pam Del Forto, Inspector General; Bonnie Hunt, Inspector General; I.G. Shields, Inspector General; Correctional Officers Sydiongco, Brugh, and Murillo; and doe defendants.

The Complaint alleged that, in retaliation for his filing the grievance, Defendants

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sydiongco, Brugh, and Murillo confiscated Plaintiff's legal materials, including a supplemental petition for a writ of habeas corpus that he intended to file in his state court criminal case. (Compl. at 7). Plaintiff asserted that his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments were violated by Defendants' alleged retaliation and denial of his access to the courts. (Compl. at 6).

On September 29, 2014, the Court dismissed the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Order, ECF No. 31). In the instant Motion, Plaintiff requests that the Court reconsider the dismissal pursuant to Federal Rule of Civil Procedure 60(b)(3).

## II. LEGAL STANDARD

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of 'fraud, . . . misrepresentation, or other misconduct of an adverse party.'" *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (quoting Fed. R. Civ. P. 60(b)(3)). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id.* "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987).

## III. ANALYSIS

In his Motion, Plaintiff requests that the Court reconsider its dismissal of the Complaint, asserting that a declaration submitted with Defendants' Motion to Dismiss contained misrepresentations. (Pl.'s Mot. to Reconsider at 3, ECF No. 33). However, even if true, such a fact would not warrant reconsideration in this instance, as the Court's ruling was based purely upon the sufficiency of Plaintiff's claims as a matter of law rather than any facts that were alleged by Defendants. *See* (Order 5:14-16, 6:10-12, ECF No. 31).

1    Plaintiff further argues that the search of his cell on August 26, 2012, was not warranted, because the HDSP staff incorrectly concluded that he posed a security threat. (Pl.'s Mot. to Reconsider at 4). However, this argument relates only to the substance of Plaintiff's claims and does not indicate that the Complaint was dismissed as a result of fraud, misrepresentation, or other misconduct which prevented Plaintiff from fully and fairly presenting his case. Therefore, Plaintiff has failed to show by clear and convincing evidence that reconsideration is warranted pursuant to Rule 60(b)(3).[2]  Accordingly, Plaintiff's Motion will be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 33), is **DENIED.**

**DATED** this 25th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] The Court also notes that Plaintiff has not presented newly discovered evidence, clear error, or an intervening change in controlling law which could warrant reconsideration pursuant to Federal Rule of Civil Procedure 59(e). *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).